No. 24-4819

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Christine M. Searle

*Searle-Appellant*

v.

John M. Allen, et. al.,

*Defendants-Appellees*.

On Appeal from the United States District Court for the District of Arizona

Civil Case No. 24-CV-00025-JJT, the Honorable John J. Tuchi

_____

**APPELLEES' REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD**

_____

John L. Lohr, Jr. (SBN 019876)
David B. Goldstein (SBN 003410)
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
T: (480) 991-9077 | F: (480) 443-8854
Email: minute@hgplaw.com
*Attorneys for Appellees Arapaho, LLC Tesco as Custodian and American Pride Properties, LLC*

Pursuant to Federal Rules of Appellate Procedure Rule 27(4), Appellees, *Arapaho, LLC Tesco as Custodi*an ("Arapaho") and American Pride Properties, LLC ("American Pride") (collectively "the Arapaho Defendants"), submit this Reply in Support Motion to Supplement the Record ("Reply").

This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. ARGUMENT

**A. Searle Does Not Oppose This Court Reviewing The 2nd State Court Pleadings**

First and foremost, Arapaho Defendants' Motion to Supplement should be granted because Searle does not oppose this Court reviewing the motion to dismiss documents entered by the Arizona Superior Court in the recently dismissed 2nd state court case. Although Searle argues what effect the Minute Entry of Dismissal may or may not have on the proceedings in this Court, Searle's Response states "this is all to say that Ms. Searle does not oppose this Court having the state court documents handy if it wants to review them…" See Appellant's Response to Appellees' Motion to Supplement the Record.

As such, the Court should grant Arapaho Defendants' Motion to Supplement the Record.

### B. Arapaho Defendants' Request is Within the Scope of FRAP 10(e)(2)

Searle's argument that Arapaho Defendants' request is outside the scope of FRAP 10 is incorrect. Arapaho Defendants acknowledged in their Motion to Supplement that FRAP 10 is typically reserved for situations where material was omitted or misstated by error or accident. That point is not at argument.

However, Arapaho Defendants pointed out, and Searle tellingly did not address, that FRAP 10(e) is not solely limited to situations of mistake or error. There are exceptions to the general rule and Courts are allowed to "take judicial notice, and exercise inherent authority to supplement the record in extraordinary cases. Consideration of new facts may even be mandatory…" *Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003). Clearly, "new" facts means facts that weren't in the record or before the district court because if they were, they would not be "new".

The district court explicitly informed Searle that if her claims had merit, Arizona state court was the forum to litigate them. Searle did just that, and the Arizona court entered a Minute Entry of Dismissal, granting Arapaho Defendants' Motion, which requested a dismissal with prejudice. As such, the Arizona state

2

court's decision becomes a vitally important "new fact", putting it squarely within the allowance of a Rule 10(e)(2) Motion to Supplement the Record.

Because FRAP 10(e)(2) contemplates exactly these types of facts and case developments, Arapaho Defendants' Motion should be granted.

### C. Searle's Emphasis on the Prior Stay Order Is Misplaced

Searle focuses extensively on the state court's grant of the Motion to Stay, arguing it trumps the state court's Minute Entry of Dismissal. This is incorrect. While it is true that on March 4, 2025 the state court stayed the case, two days later, the state court granted Arapaho Defendants' Motion to Dismiss. The Court lodged the Minute Entry of Dismissal of the case six days after the stay order on March 10, 2025. Searle argues that the Minute Entry of Dismissal was entered "without expressly disturbing the stay of all proceedings in the case". However, a Minute Entry of Dismissal is an express "disruption" of the stay order. It ended the case, and any need to stay the proceedings. There can be nothing more "express" than an order of dismissal.

Searle argues that the "best reading" of the facts is that the case is still alive, stayed, and that the dismissal is without prejudice. However, the real "best reading" of the facts, is that the state court dismissed Searle's case, and it is therefore not alive and stayed. Further, Arapaho Defendants' Motion to Dismiss requested a dismissal with prejudice. Therefore, the most logical interpretation is that the state

3

court granted Arapaho Defendants' Motion to Dismiss entirely, including the request that it be with prejudice.

Searle also argues that even if the Minute Entry of Dismissal is correct, she has a right to amend. Searle does not have an automatic right to amend. *Matter of Torstenson's Estate*, 125 Ariz. 373, 376-77, 609 P.2d 1073, 1076-77 (Ct. App. 1980). If the Court believed the 47-page Complaint, which consisted of 9 claims for relief, could be cured by an amendment, surely the Arizona Court would have granted such leave in the March 10, 2025 Minute Entry. But the Court did not mention any leave to amend in the Minute Entry; accordingly Arapaho Defendants can only presume that the state court saw that doing so would just be an exercise in futility.

As such, the Minute Entry of Dismissal is a clear, unequivocal, order from the state court. As such, that Minute Entry of Dismissal, which was ultimately the result of the district court's order, should be considered by this Court and supplementing the record is both appropriate and necessary.

## II. CONCLUSION

For the reasons stated above, Arapaho Defendants respectfully request that this Court grant their Motion to Supplement the Record. Searle does not oppose this Court reviewing the state court documents, and the dismissal order is a critical post-judgment development that directly impacts the issues on appeal. As

explained, FRAP 10(e)(2) permits supplementation in extraordinary circumstances, particularly where, as here, subsequent judicial action bears directly on the propriety and effect of the district court's ruling. The Arizona state court's dismissal—entered after full briefing and in response to a motion seeking dismissal with prejudice—represents a material fact that warrants this Court's consideration. Supplementing the record will promote judicial efficiency, ensure a complete and accurate view of the litigation's procedural history, and give proper effect to the state court's conclusive ruling.

Dated: April 7, 2025

s/ John L. Lohr, Jr.
John L. Lohr, Jr. (SBN 019876)
David B. Goldstein (SBN 003410)
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
T: (480) 991-9077 | F: (480) 443-8854

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**Form 15. Certificate of Service for Electronic Filing**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 24-4819

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ **X** ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)***:**

| |
|---|
| Appellees' Reply in Support of Motion to Supplement the Record |

**Signature** s/ John L. Lohr, Jr._____ **Date** April 7, 2025_____

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-4819

I am the attorney or self-represented party.

**This brief contains** 941 **words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ John L. Lohr, Jr._____ **Date** April 7, 2025_____

9